NO. 07-11-00053-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2012

---

GERALDO CORRAL, A/K/A RODNEY SERNA, A/K/A
ALFRED HERNANDEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 69TH DISTRICT COURT OF SHERMAN COUNTY;

NO. 878; HONORABLE RON ENNS, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

### ORDER OF ABATEMENT AND REMAND

Appellant Geraldo Corral filed notice of appeal from his conviction and sentence for two counts of aggravated sexual assault of a child and two counts of indecency with a child.

By order of September 19, 2011, the appeal was remanded to the trial court for a hearing to determine if appellant was indigent and entitled to appointed counsel on appeal. At the hearing, appellant indicated he desired to prosecute the appeal, that he lacked funds to retain an attorney, and that his mother was attempting to hire an

attorney to represent him.  Appellant refused the offer of the trial court for appointed appellate counsel.

Appellant's brief was then due on October 24, 2011.  By letters dated October 11 and October 19, appellant requested additional time to locate an attorney.  We extended the deadline for filing appellant's brief until November 25.  When appellant did not file his brief we further extended the due date until January 16, 2012.  In so doing, we admonished appellant that if we did not receive a brief or other communication from an attorney representing him by that date, we would again abate the appeal and remand the case for the trial court to again consider the appointment of appellate counsel.

The deadline has passed, even allowing for filing by mail.  Tex. R. App. P. 9.2(b)(1).  But neither appellant nor an attorney representing him has responded to our order.  Appellant's failure to take action may indicate a lack of interest in prosecuting the appeal, or may be caused by other factors.  But this is a determination for the trial court.

We abate the appeal and remand the cause to the 69th District Court of Sherman County for further proceedings.  Tex. R. App. P. 38.8(b)(2).  On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine 1) whether appellant, in fact, desires to prosecute this appeal; 2) whether appellant is indigent and entitled to appointed counsel; and 3) if appellant is not indigent, why counsel has not been retained.  The trial court shall issue findings and recommendations on these matters.  Tex. R. App. P. 38.8(b)(3).

If the trial court finds appellant desires to pursue the appeal and is indigent, the court shall appoint counsel to represent appellant's interest on appeal. In that event, the court shall cause the name, address, telephone number, fax number, and state bar number of the appointed attorney to be provided to this court.

The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings and recommendations and 2) a reporter's record transcribing the evidence and argument presented at any hearing held. The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before February 22, 2012. Should additional time be needed to perform these tasks, the trial court may request same on or before that date.

Finally, if the trial court finds appellant no longer desires to prosecute his appeal or is not indigent but has not made the necessary arrangements for filing a brief, we may take such actions as justice may require, which may include considering the appeal without a brief. Tex. R. App. P. 38.8(b)(4).

It is so ordered.

Per Curiam

Do not publish.